**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **SEAN T. LONG AND FONTELLA L. LONG**, | Bankruptcy No. **21-10701** |
| Debtor. | Honorable Timothy A. Barnes |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **Monday**, **February 28, 2022 at 1:00 p.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Timothy A. Barnes **VIA ZOOM FOR GOVERNMENT**, or in his absence, before any other judge who may be sitting in his place or stead, and shall then and there present *Trustee's Motion to Approve Sale Free and Clear of Liens, Encumbrances and Interests and Shorten Notice* a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 329 5276 and the password is 433658 The meeting ID and password can also be found on the judge's page on the court's web site.

{00048127}

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: February 7, 2022  Respectfully submitted,

**Miriam R. Stein,** not individually but as the chapter 7 trustee of the bankruptcy estate of **SEAN T. LONG AND FONTELLA L. LONG**,

By: /s/     *Zane L. Zielinski*
    One of her attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com

{00048127}

## Certificate of Service

Pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused on **February 7, 2022**, a copy of the foregoing *Notice of Motion* and the accompanying ***Trustee's Motion to Approve Sale Free and Clear of Liens, Encumbrances and Interests*** to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List and via U.S. mail on all creditors (without exhibit A). A copy of the exhibit is available upon request.

/s/ *Zane L. Zielinski*

**Mailing Information for Case 19-05836**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Patrick S Layng**     USTPRegion11.ES.ECF@usdoj.gov
- **Daniel J Nickel**     daniel.nickel@gmail.com, daniel.nickel@gmail.com
- **Molly S Simons**     bankruptcy@sottileandbarile.com
    - **Counsel for US Bank**
- **Miriam R. Stein**     mstein@gutnicki.com, mstein@ecf.axosfs.com;IL82@ecfcbis.com;csmith@fgllp.com
- **Deadra F Woods Stokes**     dwslawpc@gmail.com, dws@deadrawoodsstokes.com;klesure@deadrawoodsstokes.com;r44887@notify.bestcase.com
- **Zane L Zielinski**     trustee@zanezielinski.com, fax@zanezielinski.com

**Manual Service List**

| | |
|---|---|
| **Internal Revenue Service**<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 | **Illinois Department of Revenue**<br>PO Box 79<br>Elgin, IL 60121 |
| **David L. DePew III**<br>**1007 Curtiss Street**<br>**Suite 3**<br>**Downers Grove, IL 60515** | BMW Bank of North America c/o AIS Portfolio Servic<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 |
| **Tiffany D Sanders**<br>**2541 Dunraven Ave**<br>**Naperville, IL 60540** | **Capital One Bank (USA), N.A.**<br>Exeter Finance LL<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118 |
| **Tiffany D. Sanders**<br>**1615 Berwick Court**<br>**Flossmoor, IL 60422** | **JPMorgan Chase Bank, N.A.**<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001 |
| **Discover Bank**<br>**Discover Products Inc**<br>**PO Box 3025**<br>**New Albany, OH 43054-3025** | |
| **American Express National Bank**<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | |

{00041111}                    4

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**SEAN T. LONG AND FONTELLA L. LONG**,<br>　　　　　　Debtor. | Chapter 7<br><br>Bankruptcy No. **21-10701**<br><br>Honorable Timothy A. Barnes |

### TRUSTEE'S MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS AND SHORTEN NOTICE

Miriam R. Stein (the "Trustee"), not individually, but as the chapter 7 trustee of the bankruptcy estate of SEAN T. LONG AND FONTELLA L. LONG(the "Debtor"), respectfully requests that the Court enter an order pursuant to section 363(f) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure approving the sale contract between the Trustee and Raymond and Chilond Bady or their nominee[1] (collectively, the "Buyer") attached hereto as **Exhibit A** (the "Sale Contract"), related to the sale of the property commonly known as 1615 Berwick Court, Flossmoor, IL 60422 (the "Real Estate") for $570,000.  In support of this motion, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

The Real Estate is encumbered by a first mortgage to U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust (the "US Bank") of approximately $402,893.83.  Further, the Real Estate may be encumbered by a Judgment lien of Tiffany Sanders totaling approximately $24,000 (the "Federal Liens").

Based on the value of the Sale Contract, the Trustee is seeking to sell the Real Estate free and clear of the liens of US Bank, and Tiffany Sanders.  While the Debtors have not taken a $30,000 exemption in the Real Estate, the Trustee is proposing to pay $30,000 for the sale proceeds as final resolution of any exemption claim in the Real Estate.

From the proceeds of the sale the Trustee will pay in full the consensual lien of US Bank, an agreed upon amount of Ms. Sanders lien (if applicable), and the Debtor's $30,000 homestead

---

[1] The buyers may purchase the property in an LLC.

exemption. There are large federal tax claims scheduled, but it is unclear if the internal revenue service is asserting a lien on the Real Estate, but to the extent they are the Trustee is selling pursuant to section 724 of the bankruptcy code, which allows for any federal or state tax liens to be removed from the Real Estate.

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "Case") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## THE REAL ESTATE

4. On September 15, 2021, (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code thereby initiating the Case.

5. Among the assets of the Estate is the Real Estate.

6. The Debtor scheduled the Real Estate with a value of $386.000, secured by a mortgage of approximately $400,000

7. The Trustee completed an inspection of the Real Estate and concluded it had a liquidation value of approximately $570,000 (the "*Liquidation Value*").

8. On December 13, 2021, the Trustee retained Adam Wolverton and Berkshire Hathaway Home Services Chicago (collectively, the "Broker"). The Buyer's commission previously approved is calculated as 5% of the gross sale price plus $495.

9. After marketing the Real Estate, on or about January 31, 2022, the Trustee received the Sale Contract from the Buyer offering to buy the Real Estate for $570,000.

10. Pursuant to the terms of the Purchase Agreement, the Buyer deposited an initial $10,000 in earnest money, and the closing will occur in March.

## RELIEF REQUESTED

11. Pursuant to 11 U.S.C. §§ 363(f), the Trustee respectfully requests the entry of an order authorizing the Trustee to sell the Real Estate to the Buyers on the terms set forth in the Purchase Agreement, free and clear of any encumbrances, liens or interests, including the mortgage lien of Deutsche Bank.

12. US Bank is owed approximately $403,000 based on their motion to lift the stay.

13. The Trustee further requests authority to pay at the time of and from the proceeds of the closing, the following: (i) any unpaid real estate taxes; (ii) the real estate commission owed to the Broker in the amount up to $28,995; (iii) the usual and customary costs of closing the sale, including, but not necessarily limited to title charges, recording charges, transfer tax, survey, homeowner's assessments, water bills, and utility reimbursement; (iv) the mortgage of US Bank in the approximate amount of $402,000; (v) upon property documentation payment of the purposed judgment lien of Tiffany Sanders up to $24,000; (vi) the Debtor's homestead exemption of $30,000.

## BASIS FOR APPROVING SALE CONTRACT

14. In determining whether to approve a sale outside the ordinary course of business, various standards have been used, including a business judgment test, a good faith test determining whether the sale is fair and equitable, and a test to assess whether the transaction is in the best interest of the estate. *See, e.g., In re Olde Prairie Block Owner, LLC*, 2011 WL 1692145, *7 (Bankr. N.D. Ill. May 3, 2011); *In re Zeigler,* 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005).

15. The Seventh Circuit has held that such a sale may be approved where the trustee has an "articulated business justification." *In re Schipper,* 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Telesphere Communications, Inc.,* 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

16. Moreover, a trustee's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *Id., In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992). The paramount goal in any proposed sale of property of the estate is to maximize the estate. *See, e.g., Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 765 (7th Cir. 2004) (in a bankruptcy sale, the "governing principle . . . is to secure the highest price for the benefit of the estate and creditors).

17. The Trustee respectfully submits that in the exercise of her business judgment, the Sale Contract is both fair and equitable and in the best interests of the Debtor's estate.

18. The Real Estate has been marketed for an extended period of time, and this Sale Contract represents the highest and best offer received to date.

## **NOTICE**

19. The Trustee has served fourteen days' written notice of this motion on all creditors with scheduled claims above $2000, any parties that claims an interest in the Real Estate. In order to timely facilitate the sale of the Real Estate, the Trustee requests this court approve the shortened and limited notice.

**Wherefore**, the Trustee respectfully requests that this Court to enter an order:

A. Approving the Trustee's sale of the real estate commonly known as 1615 Berwick Court, Floosmoor, IL 60422 to the Buyer for the Purchase Price, free and clear of all liens, encumbrances, and interests including free of the interests of US Bank, IRS and Tiffany Sanders;

B. Authorizing and approving the Trustee to pay from the sale proceeds from the Real Estate: (i) any unpaid real estate taxes and any unpaid assessments; (ii) the real estate commission owed to the Broker in the amount up to $28,995; (iii) the usual and customary costs of closing the sale, including, but not necessarily limited to title charges, transfer tax, survey, utility reimbursement, and real estate tax pro-rations, if any; (iv) the mortgage of US Bank in the approximate amount of $402,000; (v) the judgment lien of Tiffany Sanders up to $24,000; and (vi) the Debtor's homestead exemption of $30,000.

C. Authorizing the Trustee to execute any documents as may be reasonable and necessary to consummate the sale of the Real Estate to the Buyer, including but not limited to executing a deed transferring the Real Estate to the Buyer on behalf of the Debtor's Estate;

D. Determining the notice given of the Motion to be sufficient, and that no further notice is required; and

  E. Granting such other and further relief as this Court deems fair and just;

Dated: February 7, 2022         Respectfully submitted,

                 **Miriam R. Stein,** not individually but as the chapter 7 trustee of the bankruptcy estate of **SEAN T. LONG AND FONTELLA L. LONG**,

                 By: /s/  *Zane L. Zielinski*
                   One of her attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
  ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d. 773-877-3191
f. 815-846-8516
e. trustee@zanezielinski.com